| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------- | NOT FOR PUBLICATION |
| In re | Chapter 11 |
|     47-78 Douglass Street, LLC, | Case No. 09-10216 (AJG) |
|                   Debtor. | |
| -------------------------------------------------------<br>Maspeth Federal Savings and Loan Association, | |
|                   Plaintiff, | Adv. Pro. No. 10-03478 (AJG) |
|                   v. | |
| 47-78 Douglass Street, LLC, | |
|                   Defendant.<br>------------------------------------------------------- | |

## OPINION GRANTING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT

**APPEARANCES:**

MARK L. CORTEGIANO, ESQ.
Attorney for Plaintiff
65-12 69th Place
Middle Village, NY  11379

    By: Mark L. Cortegiano, Esq.


BERKMAN, HENOCH, PETERSON, PEDDY, & FENCHEL, P.C.
Attorney for Defendant
100 Garden City Plaza
Garden City, NY  11530

    By: Bruce D. Mael, Esq.

**ARTHUR J. GONZALEZ**
**Chief United States Bankruptcy Judge**

Before the Court are cross-motions filed by the plaintiff, Maspeth Federal Savings and Loan Association (the "Plaintiff" or "Maspeth"), and the defendant, 47-78 Douglass Street, LLC (the "Debtor" or the "Defendant" or "Douglass Street"), seeking summary judgment on the issue of whether the Debtor's notice of abandonment of real property located at 557 Union Street, Brooklyn, New York (the "Property" or the "Premises") to Maspeth (the "Notice of Abandonment") is effective as a matter of law. The Property is the subject of a mortgage loan between Maspeth and the Debtor, pursuant to a Mortgage Assumption and Modification Agreement (the "Agreement" or the "Mortgage") dated September 22, 2005. The Debtor sought summary judgment dismissing the complaint, asserting that the Notice of Abandonment was valid as a matter of law and the abandonment to Maspeth was irrevocable due to Maspeth's failure to object within the time proscribed. Maspeth cross-moved for summary judgment, seeking the Notice of Abandonment to be declared void *ab initio*, or, in the alternative, declared ineffective because Maspeth did not have a pre-petition possessory interest in the Property.

## I. Jurisdiction and Venue

This Court has subject matter jurisdiction over this adversary proceeding under sections 1334(a) and (b) and 157(a) and (b) of title 28 of the United States Code. This is a core proceeding within the meaning of section 157(b)(2)(A) of title 28 of the United States Code. Venue is proper before this Court pursuant to section 1408 and 1409(a) of title 28 of the United States Code.

## II. Background

On January 14, 2009, the Debtor filed a voluntary chapter 11 petition. On January 11, 2010, the Debtor filed and served a Notice of Abandonment claiming to abandon the Property to

Maspeth and deeming the Property abandoned to Maspeth if no objections were made within the fourteen-day period proscribed by Bankruptcy Rule 6007(a). No objections were filed by the deadline of January 29, 2010.

On May 5, 2010, Maspeth moved to vacate the automatic stay to continue a foreclosure proceeding that Maspeth commenced against the Debtor's predecessor-in-interest on December 26, 2007 (the "Motion").[1] In that Motion, Maspeth argued that the Notice of Abandonment was ineffective as a matter of law. The Debtor filed a limited objection to the Motion, solely with respect to Maspeth's argument regarding the effect of the Notice of Abandonment. The Debtor did not oppose the remainder of the Motion on the grounds that the property was abandoned to Maspeth and the Debtor's estate no longer had an interest in the Property. On July 22, 2010, Maspeth was granted relief from the automatic stay.

At the hearing on the Motion on June 9, 2010, Maspeth was directed to seek a determination of the effect of the Notice of Abandonment by way of an adversary proceeding. On July 28, 2010, Maspeth commenced this adversary proceeding. On March 22, 2011, the Debtor moved for summary judgment dismissing Maspeth's complaint. On June 9, 2011, Maspeth opposed the Debtor's motion for summary judgment and cross-moved for summary judgment declaring the Notice of Abandonment void *ab initio*, or, in the alternative, declaring the Notice of Abandonment ineffective to the extent that it purports to abandon the Property to Maspeth.

### III. Discussion

Pursuant to 11 U.S.C. § 554(a), "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The

---

[1] The foreclosure action was commenced in Supreme Court, Kings County. *Maspeth Federal Savings and Loan Association v. Brooklyn Renaissance LLC* (Index No. 46719/07).

3

trustee or debtor-in-possession may only abandon property to a person or entity with a pre-petition possessory interest in the property. *In re Interpictures, Inc.*, 217 F.3d 74, 76 (2d Cir. 2000) (holding that the district court did not abuse its discretion by denying appellant's § 554(b) motion to have a RICO claim abandoned to him because appellant's status as a creditor did not give him a possessory interest in the claim); H.R. Rep. No. 595, 95th Cong., 1st Sess. 377 (1977). *See also In re Contifinancial Corp.,* No. 00-12184, 2010 WL 2522732, at *3 (Bankr. S.D.N.Y. 2010). A "possessory interest" in the context of abandonment is defined as a "right to exert control over" or a "right to possess" property "to the exclusion of others." *In re Jandous*, 96 B.R. 462, 466 (Bankr. S.D.N.Y. 1989), *citing In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D. Utah 1981).[2]

New York is a lien theory state. *Dream Team Assoc., LLC v. Broadway City, LLC,* No. L & T 62346/03, 2003 WL 21203342, at *2 (N.Y. Civ. Ct. 2003), *citing Suderov v.Ogle*, 574 N.Y.S.2d 249 (App Term, 2d Dept 1991). As such, the mortgagor holds legal title to the mortgaged property for the duration of the loan period. *Prudence Co. v. 160 West Seventy Third Street Corp.*, 260 N.Y. 205, 211 (1932). The mortgagee, therefore, does not have a right to possess the property, even in event of default, without consent of the mortgagor. *See Holmes v. Gravenhorst,* 263 N.Y. 148, 152-53 (1933). Consent may be expressed by, *inter alia,* the mortgagor's signing of a mortgage agreement that grants the mortgagee the right to possession in light of certain events. *See id. See also Barson v. Mulligan*, 191 N.Y. 306 (1908).

The mortgage at issue contains a provision granting the right to possess the property in the event of abandonment or vacatur by the mortgagor. Specifically, paragraph 13 of the Agreement, titled "Possession of Property," states:

---

[2] This limitation correlates with the idea that upon abandonment, the property is treated as if no bankruptcy had been filed. The interest in the property then reverts back to the party that held the interest pre-petition. *In re Popp*, 166 B.R. 697, 700 (Bankr. D. Neb. 1993).

4

>"If the mortgaged premises shall be abandoned or vacated by the party of the second part or any successors in title, the party of the first part shall be entitled to enter upon and take possession of the same to protect and conserve its security." (Ex. C, ECF No. 11).

The Debtor does not contend that the Property was physically abandoned or vacated prior to filing its bankruptcy petition such that the right described in paragraph 13 of the Agreement would be triggered. Moreover, not only did the Debtor include the Property on its schedules throughout its chapter 11 bankruptcy proceeding, but the Debtor also asserted that the "Debtor has been authorized to continue in possession of its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code" in its motion for summary judgment dismissing the complaint (ECF No. 7).

Based upon the above, there is no evidence to support that Maspeth had a possessory interest in the Property prior to the filing date.[3] The Debtor, on the other hand, maintained a possessory interest in the Property at the time of filing because it not only held legal title to the Property, but also physically occupied the Premises. *See In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 430 (2d Cir. 1987), *citing Matter of GSVC Restaurant Corp.*, 3 B.R. 491, 494 (Bankr. S.D.N.Y. 1980) (holding that physical occupancy of property was a possessory interest subject to the automatic stay even though a warrant of eviction had been issued in state court).

Maspeth's failure to object to the Notice of Abandonment in a timely manner does not affect the invalidity of the Notice of Abandonment. Bankruptcy Rule 6007(a) requires notice and a hearing before property may be deemed abandoned. No hearing on the abandonment took

---

[3] Even if Maspeth did have a possessory interest by virtue of an abandonment under paragraph 13 prior to the filing date, there is still a question as to whether this right to enter the Property is a superior possessory interest such that the Property could have been abandoned to Maspeth. The case law seems to suggest that the Debtor still would have had the superior possessory interest because it held legal title to the Property and a foreclosure sale had not taken place. *Accord Shore Road Corp. v. Gatknick Realty Corp.*, 40 Misc.2d 455, 456 (1963) (describing assignment of rents and right to enter clauses as limited rights to possession because they were conditioned on the mortgagee protecting its security interest in the mortgaged property); *In re R-B-Co., Inc. of Bossier,* 59 B.R. 43 (Bankr. W.D. La. 1986) (holding abandonment cannot be used as a means of effectuating a transfer of title). This is an issue, however, that need not be reached because it is undisputed that the Debtor was in physical possession of the Property on the filing date.

place. Furthermore, the Debtor's claim rests solely on the language of the Notice of Abandonment, which is insufficient given that no order was entered deeming the Property abandoned to Maspeth. Unlike the Supreme Court's decision in *Travelers Indemnity Co. v. Bailey*,[4] which held that orders by the bankruptcy court are final judgments once they are affirmed on appeal, there is no final judgment here regarding the abandonment of the Property.[5] Maspeth, therefore, is not collaterally estopped from objecting to the effect of the Notice of Abandonment.[6]

Since property of the estate may only be abandoned to someone with a pre-petition possessory interest in the subject property, the Notice of Abandonment was not effective as a matter of law because Maspeth did not have a possessory interest in the Property at the time of the filing.

Maspeth has already been granted relief from the automatic stay and therefore may pursue any of the remedies available to it, including the foreclosure action pending in the Supreme Court of Kings County.

---

[4] *Travelers Indemnity Co. v. Bailey*, 129 S. Ct. 2195 (2009).
[5] The Court also notes an order by the bankruptcy court can become final if a notice of appeal has not been filed within the time proscribed in Bankruptcy Rule 8002(a).
[6] Additionally, there are no grounds for barring Maspeth from objecting to the effect of the Notice of Abandonment on an estoppel theory. Maspeth has not made any actions that suggest it has acquiesced to the abandonment and the Debtor, therefore, cannot argue that it has detrimentally relied on such acquiescence.

## IV.  Conclusion

Accordingly, since Maspeth did not have a pre-petition possessory interest in the Property, Maspeth's motion for summary judgment is GRANTED and the Debtor's motion for summary judgment is DENIED.  Further, upon entry of an order consistent with this Opinion, the adversary proceeding may be closed.

Dated: New York, New York
      June 27, 2011

                             **s/Arthur J. Gonzalez**
                             ARTHUR J. GONZALEZ
                             CHIEF UNITED STATES BANKRUPTCY JUDGE